MICHAEL J. HADDAD (State Bar No. 189114)
JULIA SHERWIN (State Bar No. 189268)
TERESA ALLEN (State Bar No. 264865)
HADDAD & SHERWIN LLP
505 Seventeenth Street
Oakland, California 94612
Telephone: (510) 452-5500
Facsimile:  (510) 452-5510

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN GARCIA, Deceased, through his Co-Successors in Interest, A.G. and E.G., minors, through their mother and Next Friend, EVA LOPEZ HERNANDEZ, Individually and as Co-Successors in Interest for JUAN GARCIA, Deceased; EVA LOPEZ HERNANDEZ, Individually; EDUARDO DANIEL LOPEZ RAMIREZ, Individually; MARIA DEL CARMEN BAZAN MARTINEZ, Individually; and JOSE GARCIA FLORES, Individually,<br><br>                    Plaintiffs,<br><br>vs.<br><br>COUNTY OF NAPA, a public entity; NAPA COUNTY SHERIFF'S SERGEANT DAVID ACKMAN, individually; and DOES 1 through 10, individually, jointly and severally,<br><br>                    Defendants.<br>_____ | No:<br><br>Hon.<br><br>**COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF, AND DEMAND FOR JURY TRIAL** |

Plaintiffs, by and through their attorneys, HADDAD & SHERWIN LLP, for their Complaint against Defendants, state as follows:

## JURISDICTION

1.      This is a civil rights, wrongful death, and survival action arising from Defendants' wrongful shooting and use of excessive force, resulting in the death of JUAN ADRIAN GARCIA BAZAN ("JUAN GARCIA") on or about October 6, 2020.  The shooting occurred on or about October 5, 2020, on Kaiser Road near State Highway 221 in the County of Napa, California.  This action is brought pursuant to 42 USC §§ 1983 and 1988; and the First, Fourth, and Fourteenth Amendments to the United States Constitution, as well as the laws and Constitution of the State of California, including but not limited to California Civil Code §§ 52.1 and 52, and California common law.  Jurisdiction is founded upon 28 USC §§ 1331 and 1343(a)(3) and (4), and the aforementioned statutory and constitutional provisions.  Plaintiffs further invoke the supplemental jurisdiction of this Court pursuant to 28 USC § 1367 to hear and decide claims arising under state law.

## INTRADISTRICT ASSIGNMENT

2.      A substantial part of the events and/or omissions complained of herein occurred in Napa County, California, and this action is properly assigned to the Oakland or San Francisco Divisions of the United States District Court for the Northern District of California, pursuant to Civil Local Rule 3-2(d).

## PARTIES AND PROCEDURE

3.      Plaintiffs A.G. and E.G., minors, are the biological children of Decedent, JUAN GARCIA, and are residents of the State of California.  Plaintiffs A.G. and E.G, by and through their mother and Next Friend, EVA LOPEZ HERNANDEZ ("EVA LOPEZ"), bring these claims individually for wrongful death and violation of their personal rights, and as co-successors in interest for Decedent JUAN GARCIA pursuant to California Code of Civil Procedure §§ 370.10 et seq. and federal civil rights law.  At the time of Decedent's death, A.G. and E.G. lived with and were dependent on the Decedent, their father, for financial and other support.  They bring these claims under state and federal law.

4.      Plaintiff EVA LOPEZ is the longtime partner and de facto wife of Decedent, JUAN GARCIA.  Plaintiff EVA LOPEZ brings these claims individually for violation of her personal rights under state and federal law.  At the time of Decedent's death, Plaintiff EVA LOPEZ lived with and was dependent on the Decedent, her life partner and de facto husband, for financial and other support.  EVA LOPEZ and JUAN GARCIA lived together as family with their children, A.G., E.G., and EDUARDO LOPEZ.

5.      Plaintiff EDUARDO DANIEL LOPEZ RAMIREZ ("EDUARDO LOPEZ") is the son of Plaintiff EVA LOPEZ and the de facto step-child of Decedent, JUAN GARCIA, who raised EDUARDO LOPEZ as his own son from age three and was the only father EDUARDO LOPEZ has ever known.  Plaintiff EDUARDO LOPEZ brings these claims individually for violation of his personal rights under state and federal law.  At the time of Decedent's death, Plaintiff EDUARDO LOPEZ lived with and was dependent on the Decedent, his father, for financial and other support.

6.      Plaintiffs MARIA DEL CARMEN BAZAN MARTINEZ ("MARIA BAZAN") and JOSE GARCIA FLORES ("JOSE FLORES") are, respectively, the mother and father of Decedent, JUAN GARCIA, and are residents of the State of California.  Plaintiffs MARIA BAZAN and JOSE FLORES bring these claims individually for wrongful death and violation of their personal rights under state and federal law.  At the time of Decedent's death, Plaintiffs MARIA BAZAN and JOSE GARCIA were dependent on the Decedent, their son, for financial and other support.

7.      Besides Plaintiffs EVA LOPEZ HERNANDEZ, A.G., E.G., EDUARDO DANIEL LOPEZ RAMIREZ, MARIA DEL CARMEN BAZAN MARTINEZ, JOSE GARCIA FLORES, no other person had a closer, more intimate, healthy, familial relationship with JUAN GARCIA.  Plaintiffs A.G. and E.G. bring these claims pursuant to California Code of Civil Procedure §§ 377.20 et seq., which provides for survival actions.  Plaintiffs A.G., E.G., MARIA DEL CARMEN BAZAN MARTINEZ, and JOSE GARCIA FLORES bring these claims pursuant to California Code of Civil Procedure §§ 377.60 et seq., which provides for wrongful death actions.  All Plaintiffs also bring claims for violation of their personal rights to familial association under the United States Constitution.  All Plaintiffs bring their claims individually, and Plaintiffs A.G. and E.G. also bring survival claims on behalf of Decedent JUAN GARCIA on the basis of 42 USC §§

1983 and 1988, the United States Constitution, and federal and state law.  Plaintiffs further bring these claims as Private Attorneys General, to vindicate not only their rights, but others' civil rights of great importance.

8.    Defendant NAPA COUNTY ("COUNTY") is a public entity established by the laws and Constitution of the State of California, and owns, operates, manages, directs, and controls the Napa County Sheriff's Office ("NCSO") which employs other defendants in this action.

9.    Defendant DAVID ACKMAN ("ACKMAN"), at all material times, was employed as a Sergeant at NCSO and was acting within the course and scope of that employment.  He is being sued in his individual capacity.

10.    Despite Plaintiffs' multiple requests for records—and while Defendants did allow Plaintiffs' counsel and the public to view (via Defendants' press conference and social media posts) some of the body camera video capturing this incident and to be informed of the shooter's identity—Defendants have not provided Plaintiffs or their representatives with any police reports, records of any investigation, Coroner's reports, autopsy reports, dash cam footage, or other audio or video recordings of this incident beyond what was shown at Defendants' press conference.  Further, on information and belief, Defendants have instructed private citizens possibly possessing surveillance video of the incident not to cooperate with Plaintiffs' counsel's requests for access to such footage.

11.    Defendants have informed Plaintiffs that it will take *six to eight months* to investigate the incident—a thirty-eight second interaction on a quiet industrial side road occurring well after business hours, with few (if any) witnesses, and recorded by Defendant ACKMAN's body camera and likely by his dashboard camera and nearby surveillance cameras as well.  Defendants have further informed Plaintiffs that the Napa County District Attorney will take *another six months* to decide whether to bring criminal charges against Defendant Ackman.  Defendants were fully aware that Plaintiffs faced a six-month deadline (from the date of the incident) to file a Government Code claim against them—a statutorily required predicate to a civil claim in court against a government entity or employee.  Defendants were further aware that an entity must accept or reject that claim within 45 days of receipt.  And Defendants were aware that, upon the rejection of that claim,

Plaintiffs would face a subsequent six-month deadline to timely file their state law claims in court. Defendants' planned investigation timelines coincide neatly with Plaintiffs' filing deadlines, effectively depriving Plaintiffs of incident-related records that would otherwise be available to the public if not for these pending investigations. Defendants appear to be intentionally delaying the investigations of this shooting to deprive Plaintiffs of facts to plead in the present Complaint.

12.     The true names and capacities of Defendants sued herein as DOES 1–10 ("DOE defendants") are unknown to Plaintiffs, who therefore sue said Defendants by such fictitious names, and Plaintiffs will seek leave to amend this Complaint to show their true names and capacities when the same are ascertained. Each DOE defendant was an employee/agent of Defendant COUNTY, and at all material times acted within the course and scope of that relationship.

13.     Plaintiffs are informed and believe, and thereon allege that each of the Defendants sued herein was negligently, wrongfully, and otherwise responsible in some manner for the events and happenings as hereinafter described, and proximately caused injuries and damages to Plaintiffs. Further, one or more DOE defendants was at all material times responsible for the hiring, training, supervision, and discipline of other defendants, including Defendant ACKMAN.

14.     Plaintiffs are informed and believe, and thereon allege, that each of the Defendants was at all material times an agent, servant, employee, partner, joint venturer, co-conspirator, and/or alter ego of the remaining Defendants, and in doing the things herein alleged, was acting within the course and scope of that relationship. Plaintiffs are further informed and believe, and thereon allege, that each of the Defendants herein gave consent, aid, and assistance to each of the remaining Defendants, and ratified and/or authorized the acts or omissions of each Defendant as alleged herein, except as may be hereinafter otherwise specifically alleged.

15.     At all material times, each Defendant was jointly engaged in tortious activity, and was fundamentally involved in, and an integral participant to, the events and violations of rights described herein, resulting in the deprivation of Plaintiffs' constitutional rights and other harm.

16.     The acts and omissions of all Defendants as set forth herein were at all material times pursuant to the actual customs, policies, practices, and procedures of Defendant COUNTY.

17.     At all material times, each Defendant acted under color of the laws, statutes, ordinances, and regulations of the State of California.

18.     Plaintiffs timely and properly filed tort claims pursuant to Cal. Gov. Code § 910 et seq., and this action is timely filed within all applicable statutes of limitation.

19.     This complaint may be pled in the alternative pursuant to Federal Rule of Civil Procedure 8(d)(2).

## GENERAL ALLEGATIONS

20.     Plaintiffs realleges each and every paragraph in this complaint as if fully set forth here.

21.     At all material times, Decedent JUAN GARCIA was a 47-year-old man and a resident of Napa County, beloved by the community.  He was a true family man: a proud and devoted father to his three children, Plaintiffs A.G., E.G., and EDUARDO LOPEZ; a loving companion to his longtime life partner, Plaintiff EVA LOPEZ; and a thoughtful and caring son to his parents, Plaintiffs MARIA BAZAN and JOSE GARCIA.  When he was not working, JUAN GARCIA spent much of his time taking care of his children, cooking for his family, cleaning, and keeping fresh flowers around the house.  **Exhibit A** contains a sample of family photos.

22.     On or about October 5, 2020, JUAN GARCIA became lost as he was driving home from visiting friends who were evacuating from wildfires and staying at the Meritage Resort in Napa.  At around 10:11 p.m., Defendant ACKMAN pulled JUAN GARCIA's vehicle over on Kaiser Road near State Highway 221 in the County of Napa, allegedly for driving without his headlights on.  Within thirty-eight seconds of JUAN GARCIA exiting his vehicle, Defendant ACKMAN shot at him six times, killing JUAN GARCIA, an unarmed, nonthreatening, 47-year-old father of three children.  The Sheriff's Department held a viewing of portions of bodycam footage from the incident at a press conference on October 14, 2020.  The bodycam footage shows that ACKMAN exited his vehicle with his gun drawn and immediately pointed it at JUAN GARCIA, a very high level of force used against a non-threatening man suspected of a simple vehicle infraction. JUAN GARCIA exited his vehicle with his hands empty, which Defendant ACKMAN clearly could see because both JUAN GARCIA and his vehicle were well illuminated by the headlights of

Defendant ACKMAN's patrol vehicle.  Defendant ACKMAN ordered JUAN GARCIA to "turn around," and within seconds JUAN GARCIA began to comply with the order, turning and putting his hands behind his back as though he would be handcuffed.  Defendant ACKMAN did not tell JUAN GARCIA to show his hands, or to get on the ground or on his knees.  On the bodycam video, JUAN GARCIA appeared confused as to what Defendant ACKMAN expected him to do.  Defendant ACKMAN observed JUAN GARCIA's confused-appearing demeanor, and based on his experience, would have known that MR. GARCIA might have diminished capacity due to intoxication, a mental health issue, or a medical issue.  Defendant ACKMAN failed to communicate appropriately with MR. GARCIA under the circumstances to help orient MR. GARCIA and direct his desired compliance.

23.     Defendant ACKMAN then went behind his patrol vehicle to the passenger side of the vehicle and toward JUAN GARCIA.  JUAN GARCIA began to walk toward Defendant ACKMAN, with one hand still high behind his back, as Defendant ACKMAN was shining a light and pointing his gun at JUAN GARCIA.  JUAN GARCIA still had nothing in his hands, and had had no opportunity and no time outside of Defendant ACKMAN's sight when he could have armed himself.  The only word Defendant ACKMAN said to JUAN GARCIA was "Stop," which he said three times within four seconds.  Immediately after saying "stop" for the third time, Defendant ACKMAN shot JUAN GARCIA, unarmed and non-threatening, six times in rapid succession.  Defendant ACKMAN failed to warn JUAN GARCIA before using deadly force, even though a warning was feasible and required under the circumstances.

24.     The day after Defendant ACKMAN shot JUAN GARCIA, several employees and agents of Defendant COUNTY interrogated Plaintiffs EVA LOPEZ and MARIA BAZAN about JUAN GARCIA, only revealing after interrogating them that JUAN GARCIA was in the hospital and being detained there, while still not revealing any details about JUAN GARCIA's injuries or the shooting incident.  At the hospital, a doctor informed Plaintiff EVA LOPEZ that JUAN GARCIA was shot multiple times and was not responsive when he arrived at the hospital.  JUAN GARCIA underwent surgeries but was declared brain dead.  A doctor advised Plaintiff EVA LOPEZ that life support should be removed, as the hospital had done everything possible to save

JUAN GARCIA.  JUAN GARCIA's body was guarded by officers while at the hospital, and Plaintiff EVA LOPEZ and other family members were prohibited from taking any last pictures of JUAN GARCIA or even using their cell phones in his room.  At 8:35 p.m. on October 6, 2020, JUAN GARCIA was pronounced dead.

25.     At all times, JUAN GARCIA had no weapon in his possession and posed no significant or immediate threat of death or serious bodily injury to Defendant ACKMAN or others. On information and belief, JUAN GARCIA made no statements or gestures under the circumstances that a reasonable officer would perceive as posing an immediate threat to justify the use of deadly force.  On information and belief, JUAN GARCIA never assaulted, or attempted to assault, Defendant ACKMAN, as any reasonable officer would have understood under the circumstances.  Defendant ACKMAN unlawfully seized and used excessive force against JUAN GARCIA, including but not limited to firing multiple, deliberate gunshots at JUAN GARCIA—without warning, without legal justification, and without pausing between shots to evaluate the need for further deadly force—causing great pain and suffering to JUAN GARCIA and causing his death. On information and belief, a warning that deadly force was about to be used was feasible and would have been proper under the circumstances.

26.     Further, the number of gunshots fired without assessment of the need for more gunshots was excessive and unreasonable.  After the first gunshot, JUAN GARCIA bent over deeply at the waist; by the second shot, both of his hands were in front of his body and obviously empty as he continued to go down; the next four gunshots were fired as JUAN GARCIA was falling or on the ground, obviously unable to pose any possible threat whatsoever.

27.     Defendant ACKMAN had feasible and prudent alternatives to deadly force, including to move tactically to mitigate any potential threat he may have misperceived from JUAN GARCIA, who was harmless and unarmed.  Notably, Defendant ACKMAN never once asked JUAN GARCIA to show his hands during their interaction.  Alternatively, Defendant ACKMAN unreasonably and unnecessarily placed himself into a zone of potential danger without due care and in violation of his training and generally accepted law enforcement standards.

28.     Defendant ACKMAN's unlawful and provocative tactics and use(s) of force were unnecessary and unreasonable under the circumstances, caused the use of unnecessary and excessive deadly force, were conscience shocking, done with a purpose to harm, and without a legitimate law enforcement purpose.

29.     At all material times, and alternatively, the actions and omissions of each defendant were intentional, wanton and/or willful, conscience shocking, reckless, malicious, purposely harmful and/or deliberately indifferent to JUAN GARCIA's and Plaintiffs' rights, done with actual malice, grossly negligent, negligent, and objectively unreasonable.

30.     As a direct and proximate result of each Defendant's acts and/or omissions as set forth above, Plaintiffs sustained the following injuries and damages, past and future, among others:

a.      Wrongful death of JUAN GARCIA;

b.      Hospital and medical expenses (Survival claims);

c.      Coroner's fees, funeral and burial expenses (Survival claims);

d.      Loss of familial relationships, including loss of love, companionship, comfort, affection, consortium, society, services, solace, and moral support (based on wrongful death and loss of familial association);

e.      Violation of constitutional rights;

f.      Pain and Suffering, including emotional distress (based on individual §1983 claims for loss of familial association);

g.      JUAN GARCIA's loss of life, pursuant to federal civil rights law (Survival claims);

h.      JUAN GARCIA's conscious pain and suffering, pursuant to federal civil rights law (Survival claims);

i.      All damages, penalties, and attorneys' fees and costs recoverable under 42 USC §§ 1983, 1988, 12205, California Civil Code §§ 52, and 52.1, California Code of Civil Procedure § 1021.5, and as otherwise allowed under California and United States statutes, codes, and common law.

**COUNT ONE**
**- 42 USC § 1983 –**
**PLAINTIFFS AGAINST DEFENDANTS ACKMAN AND DOES 1-10**

31.     Plaintiffs reallege each and every paragraph in this complaint as if fully set forth here.

32.     By the actions and omissions described above, Defendant ACKMAN and DOES 1-10 violated 42 USC § 1983, depriving Decedent of the following clearly established and well-settled constitutional rights protected by the First, Fourth and Fourteenth Amendments to U.S. Constitution:

    a.   The right to be free from unreasonable searches and seizures as secured by the Fourth Amendment;

    b.   The right to be free from excessive and unreasonable force in the course of arrest or detention, including the use of unlawful deadly force, as secured by the Fourth Amendment;

    c.   The right to be free from wrongful government interference with familial relationships, and Plaintiffs' and Decedent's right to companionship, society and support of each other through the use of deadly force that shocks the conscience and that is used without a legitimate law enforcement purpose, and by otherwise interfering with their familial associational rights as secured by the First and Fourteenth Amendments, and California Code of Civil Procedure §§ 377.20 et seq. and 377.60 et seq.;

33.     By the actions and omissions described above, Defendants ACKMAN and DOES 1-10 violated 42 USC § 1983, depriving Plaintiffs A.G., E.G., EVA LOPEZ, EDUARDO LOPEZ, MARIA BAZAN, and JOSE GARCIA of the following clearly established and well-settled constitutional rights protected by the First and Fourteenth Amendments to U.S. Constitution:

    a.   The right to be free from wrongful government interference with familial relationships, and Plaintiffs' right to companionship, society and support of their father, life partner, and son through the use of deadly force against Decedent that shocks the conscience and that is used without a legitimate law enforcement purpose, and by otherwise interfering with their familial associational rights, as secured by the First and Fourteenth Amendments.

34.     Defendants subjected Plaintiffs and Decedent to their wrongful conduct, depriving Plaintiffs and Decedent of rights described herein, knowingly, maliciously, and with conscious and

COMPLAINT AND JURY DEMAND                                                                 10

reckless disregard for whether the rights and safety of Plaintiffs (individually and on behalf of JUAN GARCIA, Deceased) and others would be violated by their acts and/or omissions.

35.   As a direct and proximate result of Defendants' acts and/or omissions as set forth above, Plaintiffs sustained injuries and damages as set forth at paragraph 30, above.

36.   The conduct of Defendants ACKMAN and DOES 1-10 entitles Plaintiffs to punitive damages and penalties allowable under 42 USC § 1983 and California law.

37.   Plaintiffs are also entitled to reasonable costs and attorneys' fees under 42 USC § 1988 and applicable federal and California codes and laws.

**COUNT TWO**
**- 42 USC § 1983 (Municipal Liability) –**
**PLAINTIFFS AGAINST DEFENDANT COUNTY**

38.   Plaintiffs reallege each and every paragraph in this complaint as if fully set forth here.

39.   The unconstitutional actions and/or omissions of Defendants ACKMAN, and DOES 1-10, and other officers employed by or acting on behalf of Defendant COUNTY, on information and belief, were pursuant to the following customs, practices, and/or procedures of Defendant COUNTY, stated in the alternative, which were directed, encouraged, allowed, and/or ratified by policymaking officials for Defendant COUNTY, including Defendants DOES 1-10:

    a.   To use or tolerate the use of unlawful deadly force including permitting and training officers (i) to use deadly force when faced with less than an immediate threat of death or serious bodily injury, (ii) to use deadly force prematurely, or as a 'first resort,' or when facing a mere potential threat; and (iii) to use deadly force without giving a proper warning when one would be feasible;

    b.   To cover-up violations of constitutional rights by any or all of the following:

        i.   by failing to properly investigate and/or evaluate complaints or incidents of excessive and unreasonable force and/or unlawful seizures;

        ii.   by ignoring and/or failing to properly and adequately investigate and discipline unconstitutional or unlawful police activity; and

iii. by allowing, tolerating, and/or encouraging police officers to: fail to file complete and accurate police reports; file false police reports; make false statements; intimidate, bias and/or "coach" witnesses to give false information and/or to attempt to bolster officers' stories; and/or obstruct or interfere with investigations of unconstitutional or unlawful law enforcement conduct, by withholding and/or concealing material information;

c. To allow, tolerate, and/or encourage a "code of silence" among law enforcement officers and Sheriff's Office personnel, whereby an officer or member of the department does not provide adverse information against a fellow officer or member of the department;

d. To fail to have and enforce necessary, appropriate, and lawful policies, procedures, and training programs to prevent or correct the unconstitutional conduct, customs, and procedures described in this Complaint and in subparagraphs (a) through (c) above, with deliberate indifference to the rights and safety of Plaintiffs and the public, and in the face of an obvious need for such policies, procedures, and training programs.

40.     Defendant COUNTY'S training programs for its deputies, including Defendant ACKMAN, were clearly inadequate to address the obvious need for training concerning the customs and practices in the preceding paragraph that were likely to result in injuries, deaths, and serious violations of rights.

41.     Defendant COUNTY, through its employees and agents, and through its policymaking supervisors including Defendants DOES 1-10, failed to properly hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline Defendant ACKMAN and DOES 1-10, and other NCSO personnel, with deliberate indifference to Plaintiffs' constitutional rights, which were thereby violated as described above.

42.     The unconstitutional actions and/or omissions of Defendants ACKMAN and DOES 1-10, as described above, were approved, tolerated, and/or ratified by policymaking officers for Defendant COUNTY and the NCSO, including Defendant DOES 1-10.  Plaintiffs are informed and believe, and thereupon allege, the details of this incident have been revealed to policymakers within Defendant COUNTY, including through videos, Defendant ACKMAN's statement(s), physical evidence, and other information and investigation, and that such policymakers have direct knowledge of the fact that the shooting of JUAN GARCIA was not justified, but represented an

unconstitutional use of unreasonable, excessive and deadly force.  Notwithstanding this knowledge, policymakers of Defendant COUNTY have approved of Defendant ACKMAN's shooting of JUAN GARCIA, and made a deliberate choice to endorse Defendant ACKMAN's shooting of JUAN GARCIA and the basis for that shooting.  By so doing, policymakers of Defendant COUNTY have shown affirmative agreement with the individual defendant officer's actions, and have ratified the unconstitutional acts of Defendant ACKMAN and others.

43.     Furthermore, Plaintiffs are informed and believe, and thereupon allege, that Defendants DOES 1-10 and other policy-making officers for Defendant COUNTY were and are aware of a custom and pattern of misconduct and injury caused by Defendant COUNTY law enforcement officers similar to the conduct of Defendant ACKMAN described herein, but failed to discipline culpable law enforcement officers and employees and failed to institute and enforce lawful and proper procedures and policy within the COUNTY.

44.     Defendant COUNTY's failure to properly and adequately hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline, as well as their unconstitutional customs, practices, orders, approvals, ratification and toleration of wrongful conduct of Defendants ACKMAN and DOES 1–10, was a moving force and/or a proximate cause of the deprivations of Plaintiffs' and Decedent's clearly-established and well-settled constitutional rights in violation of 42 USC § 1983, as more fully set forth in paragraphs 32-33, above.

45.     As a direct and proximate result of the unconstitutional customs, practices, deficient training programs, actions, omissions, and deliberately indifferent supervision of Defendant COUNTY, as described above, Plaintiffs sustained serious and permanent injuries and are entitled to damages, costs and attorneys' fees as set forth in paragraphs 35 and 37, above.

**COUNT THREE**
**-- VIOLATION OF CIVIL CODE § 52.1 --**
**PLAINTIFFS AGAINST ALL DEFENDANTS**

46.     Plaintiffs reallege each and every paragraph in this Complaint as if fully set forth here.

47.     By their acts, omissions, customs, and policies, Defendant ACKMAN and DOES 1-10, acting in concert/conspiracy as described above, interfered with, attempted to interfere with, and

violated Plaintiffs' and Decedent's rights under California Civil Code § 52.1, and the following clearly-established rights under the United States Constitution and the California Constitution (where Decedent's rights were violated, this count is brought as a survival claim; where Plaintiffs' rights were violated, this count is brought by Plaintiffs individually):

a. Decedent's right to be free from unreasonable searches and seizures as secured by the Fourth Amendment;

b. Decedent's right to be free from excessive and unreasonable force in the course of arrest or detention, including the use of unlawful deadly force, as secured by the Fourth Amendment;

c. Decedent's right to be free from the use of force, including deadly force, that shocks the conscience and that is used without a legitimate law enforcement purpose as secured by the Fourteenth Amendment;

d. Decedent's and Plaintiffs' right to be free from wrongful government interference with familial relationships, and Plaintiffs' and Decedent's right to companionship and society with each other, as secured by the First and Fourteenth Amendments;

e. Decedent's right to be free from unlawful and unreasonable seizure of one's person, including the right to be free from unreasonable or excessive deadly force, as secured by the California Constitution, Article 1, Section 13;

f. Decedent's right to protection from bodily restraint, harm, or personal insult, as secured by Cal. Civil Code § 43.

48. Unlawful deadly force which violates the Fourth Amendment with reckless disregard for rights violates the Bane Act.[1] Defendants' use of unlawful deadly force against Decedent in and of itself constitutes threat, intimidation, or coercion. Additionally, separate from, and above and beyond, Defendants' attempted interference, interference with, and violation of Plaintiffs' and Decedent's rights, Defendants violated Plaintiffs' and Decedent's rights by the following conduct constituting threat, intimidation, or coercion:

---

[1] *See Cornell v. City and County of San Francisco*, 17 Cal.App.5th 766 (2017) (review denied); *Reese v. County of Sacramento*, 888 F.3d 1030, 1043-44 (9th Cir. 2018); *Rodriguez v. County of L.A.*, 891 F.3d 776, 802 (9th Cir. 2018); *Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1105–06 (9th Cir. 2014) (citing *Cameron v. Craig*, 713 F.3d 1012, 1022 (9th Cir. 2013)).

COMPLAINT AND JURY DEMAND                                                                 14

a. Threatening JUAN GARCIA in the absence of any threat presented by JUAN GARCIA, or any justification whatsoever;

b. Using deliberately reckless and provocative tactics to apprehend JUAN GARCIA in violation of generally accepted law enforcement training and standards, and in violation of JUAN GARCIA'S rights;

c. Defendant ACKMAN pointing his gun at JUAN GARCIA, threatening the use of deadly force, without justification, which in and over itself constitutes a high degree of force, and alternatively, escalated the situation;

d. Causing the use of conscience-shocking force against JUAN GARCIA;

e. Threatening violence against JUAN GARCIA, with the apparent ability to carry out such threats, in violation of Civ. Code § 52.1(j);

f. Causing JUAN GARCIA to be shot, without warning and without justification;

g. Violating JUAN GARCIA'S rights to be free from unlawful seizures by both wrongful arrest and excessive force;

h. Coercively interrogating EVA LOPEZ HERNANDEZ and MARIA DEL CARMEN BAZAN MARTINEZ while intentionally concealing the fact that a deputy had shot JUAN GARCIA and he was in critical condition in the hospital; and

i. Through their coercive custody of JUAN GARCIA even as he lay dying in the hospital, intentionally preventing Plaintiffs from being alone with JUAN GARCIA, photographing him, having appropriate familial intimacy with him before his death, or even using their cell phones in his hospital room.

49.    The threat, intimidation, and coercion described herein were not necessary or inherent to any legitimate and lawful law enforcement activity.

50.    Further, the violations of duties and rights by Defendants ACKMAN and DOES 1–10, and coercive conduct described herein, were volitional acts; none was accidental or merely negligent.

51.    Defendant COUNTY is vicariously liable for the conduct of its employees and agents described in this Count, pursuant to California Government Code § 815.2.

52.    As a direct and proximate result of Defendants' violation of California Civil Code § 52.1 and of Plaintiffs' and Decedent's rights under the United States and California Constitutions,

Plaintiffs (individually and for Decedent) sustained injuries and damages, and against each and every Defendant are entitled to relief as set forth above at paragraphs 34-37 and punitive damages against Defendants ACKMAN and DOES 1–10, including all damages and penalties allowed by California Civil Code §§ 52, 52.1 and California law, not limited to costs, attorneys' fees, three times actual damages, and civil penalties.  Plaintiffs do not seek punitive damages against Defendant COUNTY.

**COUNT FOUR**
**-- NEGLIGENCE; PERSONAL INJURIES --**
**PLAINTIFFS A.G., E.G., MARIA DEL CARMEN BAZAN MARTINEZ, and JOSE GARCIA FLORES AGAINST ALL DEFENDANTS**

53.     Plaintiffs reallege each and every paragraph in this complaint as if fully set forth here.

54.     At all times, Defendants ACKMAN and DOES 1-10 owed Plaintiffs and Decedent the duty to act with due care in the execution and enforcement of any right, law, or legal obligation.

55.     At all times, Defendants ACKMAN and DOES 1-10 owed Plaintiffs and Decedent the duty to act with reasonable care.

56.     These general duties of reasonable and due care owed to Plaintiffs and Decedent by Defendants ACKMAN and DOES 1-10 include but are not limited to the following specific obligations:

a.     to refrain from using excessive and/or unreasonable force against JUAN GARCIA;

b.     to refrain from unreasonably creating and escalating the situation where force, including but not limited to deadly force, was used;

c.     to refrain from using unreasonable tactics that escalated the situation, created danger, and led to the use of deadly force;

d.     to refrain from abusing their authority granted them by law;

e.     to refrain from violating Plaintiffs' rights guaranteed by the United States and California Constitutions, as set forth above, and as otherwise protected by law.

57.     Additionally, these general duties of reasonable care and due care owed to Plaintiffs by Defendant DOES 1–10, include but are not limited to the following specific obligations:

a.   to properly and adequately hire, investigate, train, supervise, monitor, evaluate, and discipline NCSO officers under their supervision (including ACKMAN and other DOES 1-10) to ensure that those employees/agents/officers act at all times in the public interest and in conformance with law;

b.   to make, enforce, and at all times act in conformance with policies, training, and customs that are lawful and protective of individual rights, including Plaintiffs' and Decedent's rights.

c.   to refrain from making, enforcing, and/or tolerating the wrongful procedures, training, and customs set forth in COUNT TWO, above.

58.     Defendants, through their acts and omissions, breached each and every one of the aforementioned duties owed to Plaintiff.

59.     Defendant COUNTY is vicariously liable for the conduct of its employees and agents described in this Count, pursuant to California Government Code § 815.2.

60.     As a direct and proximate result of Defendants' negligence, Plaintiffs and Decedent sustained injuries and damages, and against each and every Defendant is entitled to relief as set forth above at paragraphs 34-37, including punitive damages against Defendants ACKMAN and DOES 1–10.  Plaintiffs do not seek punitive damages against Defendant COUNTY.

**COUNT FIVE**
**-- ASSAULT AND BATTERY --**
**PLAINTIFFS A.G., E.G., MARIA DEL CARMEN BAZAN MARTINEZ, and JOSE**
**GARCIA FLORES AGAINST ALL DEFENDANTS**

61.     Plaintiffs reallege each and every paragraph in this complaint as if fully set forth here.

62.     The actions and omissions of Defendants ACKMAN and DOES 1–10 as set forth above constitute assault and battery.

63.     Defendant COUNTY is vicariously liable for the conduct of its employees and agents described in this Count, pursuant to California Government Code § 815.2.

64.     As a direct and proximate result the assault and battery of JUAN GARCIA by Defendants Ackman and DOES 1-10, Plaintiffs sustained injuries and damages, and are entitled to

1   relief as set forth above at paragraphs 34-37, including punitive damages against Defendants

2   ACKMAN and DOES 1–10.  Plaintiffs do not seek punitive damages against Defendant COUNTY.

3         WHEREFORE, Plaintiffs respectfully request the following relief against each and every

4   Defendant herein, jointly and severally:

5

6        a.    compensatory and exemplary damages in an amount according to proof and which is fair, just and reasonable;

7        b.    punitive damages under 42 USC § 1983 and California law in an amount

8         according to proof and which is fair, just, and reasonable (punitive damages are not sought against the COUNTY);

9

10       c.    all other damages, penalties, costs, interest, and attorneys' fees as allowed by 42 USC §§ 1983, 1988, Cal. Code of Civ. Proc. §§ 377.20 et seq., 377.60 et

11        seq., and 1021.5, Cal. Civil Code §§ 52 et seq., 52.1, and as otherwise may be allowed by California and/or federal law;

12       d.    Declaratory relief, including judgment vindicating Plaintiffs' and Decedent's

13        fundamental constitutional rights, to serve the purposes of 42 USC § 1983, Cal. Code of Civ. Proc. § 1021.5, and Cal. Civil Code §§ 52 et seq., 52.1;

14       e.    Injunctive relief, including but not limited to the following:

15

16          i.    an order prohibiting Defendants from engaging in the unconstitutional or unlawful customs, policies, practices,

17            procedures, training and supervision as may be determined and/or adjudged by this case;

18

19          ii.    an order requiring Defendants to institute and enforce appropriate and lawful policies and procedures for the use

20            of deadly force;

21          iii.    an order prohibiting Defendants and their police officers from engaging in the "code of silence" as may be

22            supported by the evidence in this case;

23          iv.    an order requiring Defendants to train all NCSO officers concerning generally accepted and proper tactics and

24            procedures and this Court's orders concerning the issues

25            raised in injunctive relief requests i-iii, above;

26       f.    such other and further relief as this Court may deem appropriate.

27

28

1

2    DATED: May 11, 2021                    HADDAD & SHERWIN LLP

3
                                            */s/ Michael J. Haddad*
4                                           Michael J. Haddad
                                            Attorneys for Plaintiffs
5

6    DATED: May 11, 2021                    HADDAD & SHERWIN LLP

7
                                            */s/ Julia Sherwin*
8                                           Julia Sherwin
                                            Attorneys for Plaintiffs
9

10                              **JURY DEMAND**

11        Plaintiffs hereby request a trial by jury.

12

13   DATED: May 11, 2021                    HADDAD & SHERWIN LLP

14
                                            */s/ Michael J. Haddad*
15                                          Michael J. Haddad
                                            Attorneys for Plaintiffs
16

17   DATED: May 11, 2021                    HADDAD & SHERWIN LLP

18

19                                          */s/ Julia Sherwin*
                                            Julia Sherwin
20                                          Attorneys for Plaintiffs

21

22

23

24

25

26

27

28

# EXHIBIT A













