NOAH G. BLECHMAN (State Bar No. 197167)
noah.blechman@mcnamaralaw.com
McNamara, Ney, Beatty, Slattery,
Borges & Ambacher LLP
3480 Buskirk Avenue, Suite 250
Pleasant Hill, CA 94523
Telephone: (925) 939-5330
Facsimile: (925) 939-0203

Attorneys for Defendants
COUNTY OF NAPA, NAPA COUNTY SHERIFF'S
SERGEANT DAVID ACKMAN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN GARCIA, Deceased, through his Co-Successors in Interest, A.G. and E.G., minors, through their mother and Next Friend, EVA LOPEZ HERNANDEZ, Individually and as Co-Successors in Interest for JUAN GARCIA, Deceased; EVA LOPEZ HERNANDEZ, Individually; EDUARDO DANIEL LOPEZ RAMIREZ, Individually; MARIA DEL CARMEN BAZAN MARTINEZ, Individually; and JOSE GARCIA FLORES, Individually,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF NAPA, a public entity; NAPA COUNTY SHERIFF'S SERGEANT DAVID ACKMAN, individually; and DOES 1 through 10, individually, jointly and severally,<br><br>Defendants. | Case No. C21-03519 HSG<br><br>**REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PORTIONS OF PLAINTIFFS' FIRST AMENDED COMPLAINT PER FRCP 12(B)(1) AND 12(B)(6)**<br><br>Date: January 6, 2022<br>Time: 2:00 p.m.<br>Dept: Ctrm. 2, Floor 4 (Oakland)<br>Judge: Hon. Haywood S. Gilliam, Jr. |

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP
ATTORNEYS AT LAW
3480 BUSKIRK AVENUE, SUITE 250, PLEASANT HILL, CA 94523
TELEPHONE: (925) 939-5330

# I. INTRODUCTION

Defendants' Motion to Dismiss ("Motion") should be granted in full. Plaintiffs' vague and conclusory *Monell*[1] allegations in their First Amended Complaint ("FAC"), and in their Opposition, alleging that the County fails to train deputies, tolerates the use of unlawful deadly force, and covers up constitutional violations do not provide Your Honor with a specific factual basis to determine that there is "more than a mere possibility" that the County had any unconstitutional customs, practices, or policies there were the cause of Plaintiffs' alleged injuries. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679-80 (2009). Plaintiffs have failed to identify any prior incidents of alleged excessive force. Without providing a single example of similar conduct, Plaintiffs' cannot be said to have alleged specific facts establishing the existence of a practice or custom. As such, Plaintiffs' fatally conclusory *Monell* claims should be dismissed without further leave to amend. Further, Defendants respectfully requested that if the Court deems Plaintiffs' conclusory and highly generalized *Monell* pleadings sufficient, it bifurcate the determination of individual liability of Sgt. Ackman from the *Monell* claims asserted against the County, *sua sponte*. *See Huffmaster v. United States*, 186 F. Supp. 120, 124 (N.D. Cal. 1960) ("The Court has power to order a separate trial of issues, *sua sponte*, to further convenience, or to avoid prejudice.").

Moreover, Defendants challenged Plaintiffs Eduardo Daniel Lopez Ramirez ("Eduardo Lopez") and Eva Lopez Hernandez ("Eva Lopez") standing in this action as standing is a threshold issue, in which Plaintiffs bear the burden of proving, before the Court must reach before addressing substantive matters. *See Stoianoff v. Montana*, 695 F.2d 1214, 1223-1224 (9th Cir. 1983); *Northwest Envtl. Def. Ctr. v. Bonneville Power Admin.*, 117 F.3d 1520, 1528 (9th Cir. 1997). Defendants argue that Eva and Eduardo lack standing under the First and Fourteenth Amendments.

# II. LEGAL ARGUMENTS

## A. Plaintiffs' Conclusory *Monell* Claims Must be Dismissed without further Leave to Amend

To survive the motion to dismiss stage, a plaintiff needs to allege, "[a] pattern of similar constitutional violations by untrained employees [] to demonstrate deliberate indifference for

---

[1] *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)

DEFENDANTS' REPLY BRIEF ISO MTD PORTIONS
OF PLAINTIFFS' FAC, C21-03519 HSG

1

purposes of failure to train." *Connick v. Thompson*, 563 U.S. 51, 62 (2011). Plaintiffs have not. Only when a city is on "actual or constructive notice that a particular omission in [its] training program causes city employees to violate citizens' constitutional rights" can the city "be deemed deliberately indifferent." *Id*. at 61. Similarly, a failure to discipline theory will survive where there are allegations that the same officers involved in instant action were involved in prior violations. *See Hayes v. Riley*, No. 20-CV-04283-VC, 2020 WL 5816581, at *2 (N.D. Cal. Sept. 30, 2020) (citing cases, noting "If the same officer repeatedly violates the constitutional rights of a city's residents, and the city is on notice of these violations and fails to properly discipline the officer, by definition the city is deliberately indifferent to the likelihood that the officer will continue to commit constitutional violations in the future."). Finally, a "ratification" theory is said to be adequately alleged where a plaintiff states facts plausibly showing who ratified the allegedly unconstitutional acts of officers and how that ratification occurred. "[A] police department's 'mere failure to discipline [its officers] does not amount to ratification of their allegedly unconstitutional actions.'" *Sheehan v. City & Cty. of San Francisco*, 743 F.3d 1211, 1231 (9th Cir. 2014), *rev'd in part on other grounds, cert. dismissed in part sub nom.*, 135 S. Ct. 1765 (2015)).

 1. <u>Plaintiffs' Unconstitutional Practice, Custom, or Policy Theory is Insufficiently Pled</u>

Plaintiffs argue their unconstitutional practice, custom, or policy claim gives sufficient notice of at least four County customs, practices, or policies. However, like their other *Monell* theories, Plaintiffs' custom, policy, or practice claim is fatally conclusory and consists merely of recitations of buzzwords contained in their FAC. Plaintiffs failed to provide the grounds of their entitlement to relief beyond mere "labels and conclusions, and a formulaic recitation of the elements" as is required by Supreme Court precedent. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). To plead a *Monell* claim through a "longstanding practice or custom," the "practice or custom must consist of more than 'random acts or isolated events' and instead, must be the result of a "permanent and well-settled practice.'" *Sweiha v. Cty. of Alameda*, 2019 U.S. Dist. LEXIS 170552, at *8-9 (N.D. Cal. 2019) (internal citations omitted). "[T]he custom must be so 'persistent and widespread' that it constitutes

a 'permanent and well settled city policy." *Sweiha*, 2019 U.S. Dist. LEXIS 170552, at *8-9, citing *Leon v. Hayward Bldg. Dep't*, 2017 U.S. Dist. LEXIS 120006, 2017 WL 3232486, at *3 (N.D. Cal. 2017); *Hunter v. Cty. of Sacramento*, 652 F.3d 1225, 1233 (9th Cir. 2011)).

As explained in *Estate of Mendez v. City of Ceres*, 390 F. Supp. 3d 1189, 1208 (E.D. Cal. 2019) not only does a plaintiff at the pleading stage need to show that the incidents are "<u>sufficiently similar to the averred circumstances of [the incident of excessive force at issue in the suit]</u>," but the plaintiff must also demonstrate that the incidents are similar enough to "constitute a pattern of violations rather than isolated incidents to which policymakers failed to respond or inadequately responded." (emphasis added). This is "because the alleged pattern of prior, similar constitutional violations is the linchpin to Plaintiffs' *Monell* claim for inadequate training or supervision [and "improper custom"]." *Id*. at 1208. Liability against the County for an unconstitutional custom may not be premised on an isolated incident, such as that alleged in the FAC here. *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996) ("Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out that policy."); *Thompson v. City of L.A.*, 885 F.2d 1439, 1443–44 (9th Cir. 1989) ("Consistent with the commonly understood meaning of custom, proof of random acts or isolated events are insufficient to establish custom."). Plaintiffs have failed to illustrate any such pattern and have failed to offer up a single example of prior conduct supporting their conclusory *Monell* claims.

2.  Plaintiffs' Failure to Train Theory is Insufficiently Pled

Plaintiffs argue their FAC demonstrates that the County of Napa failed to enforce appropriate training. Yet, while Plaintiffs vaguely allege "unconstitutional customs," they have not pointed to any other incidents plausibly indicating any such systemic pattern of misconduct, nor have Plaintiffs provided any factual allegations demonstrating a pattern of similar constitutional violations by untrained employees. Municipalities may only be held liable under Monell based on a failure to adequately train theory if the failure in question "amounts to 'deliberate indifference to a constitutional right.' " *John v. Lake Cty.*, No. C 18-06935 WHA, 2019 U.S. Dist. LEXIS 28717, at *11 (N.D. Cal. Feb. 22, 2019) (citing *Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1249

(9th Cir. 2010)). "To satisfy the deliberate indifference standard, the need for training must be 'so obvious, and the inadequacy so likely to result in the violation of constitutional rights that the policymakers of the city can be reasonably be said to have been deliberately indifferent to the need.'" *Id*. (citing *City of Canton v. Harris*, 489 U.S. 378, 390 (1989)).

Plaintiffs' FAC fails to allege facts that would plausibly support any *Monell* theory of liability against the municipal Defendant, the County of Napa. They cite no examples or facts in the FAC that identify any prior instances of excessive force that could possibly support a custom or practice allegation or establish deliberate indifference by supervisors in the Napa County Sheriff's Office. Furthermore, "[b]esides providing legal conclusions that . . . defendant officers were inadequately trained," a complaint cannot "fail to allege any facts establishing that the lack of training was so obvious that the policymaker could be reasonably said to have been deliberately indifferent." *John*, 2019 U.S. Dist. LEXIS 28717, at *12. Plaintiffs' FAC does just that. Plaintiffs' argue that because vague, conclusory pleadings have survived challenges in the past, they should be permitted to embark a costly, time consuming fishing expedition for *Monell* related evidence.

### 3. <u>Plaintiffs' Ratification Theory is Insufficiently Pled</u>

Plaintiffs argue their ratification claim should not be dismissed because similar, vague and insufficient pleadings have survived this stage previously. Not only have Plaintiffs failed to pled sufficient facts to support his claim, they have failed to appreciate the complicated temporal relationship required for ratification claims. "A policymaker's knowledge of an unconstitutional act does not, by itself, constitute ratification." *Christie v. Iopa*, 176 F.3d 1231, 1239 (9th Cir.1999). "A policymaker's mere refusal to overrule a subordinate's completed act does not constitute approval." *Id.* Nor does a "single failure to discipline or the fact that a policymaker concluded that the defendant officer's actions were in keeping with the applicable policies and procedures," sufficient to state a claim for ratification. *Garcia v. City of Imperial*, 2010 U.S. Dist. LEXIS 105399, at *4 (S.D. Cal. 2010).

Moreover, in order to state a plausible claim for relief per a *Monell* ratification claim, a plaintiff must plead with factual specificity both that a final policymaker ratified the subordinate's unconstitutional actions "and the basis for it." *Gillette*, 979 F.2d at 1346-47. In *Wolniak v. Cty. Of*

*Sacramento,* the District Court dismissed the plaintiff's *Monell* ratification claim for numerous reasons including: (1) Plaintiff failed to identify a final policymaker who ratified the alleged conduct; (2) that Plaintiff failed to allege specific factual allegations showing the policymaker "ratified a subordinate's unconstitutional decision or action and the basis for it"; (3) that the claim is insufficient since it is based solely on the allegation that "the City's investigation did not result in disciplinary action against the officers"; and (4) the plaintiff failed to allege a "causal connection" between the ratification and his injuries. *Wolniak*, 2017 U.S. Dist. LEXIS 211211 (E.D. Cal. Dec. 21, 2017). The same is true here. Again, like their other *Monell* theories, Plaintiffs' ratification claim is fatally conclusory and should also be dismissed without further leave to amend.

### 4. If Necessary, Defendants Move for Bifurcation Which is Appropriate

Defendants strongly believe that Plaintiffs' have failed to adequately plead their municipal liability claims, however, should the Court disagree, Defendants believe that bifurcation of the individual liability claims and the *Monell* claims would be appropriate. Under FRCP 42(b), courts generally consider four factors when deciding whether to bifurcate a case: (1) whether bifurcation would prejudice either of the parties, (2) the complexity of the issues, (3) whether there would be a risk of jury misunderstanding in a non-bifurcated trial, (4) whether bifurcation would facilitate disposition of the issues (judicial economy). *Hirst v. Gertzen*, 676 F.2d 1252, 1261 (9th Cir. 1982).

When these factors are applied to the current case, it is clear that bifurcation of trial and discovery of the claims against the individual defendant from the claims against the County and unnamed supervisors is appropriate and necessary. Further, judges Northern District, including Your Honor, have ordered bifurcation of *Monell* issues from the individual liability claims. *See Banks v. Mortimer*, 4:18-cv-07391 HSG (Your Honor bifurcating derivative liability claims from individual claims (*See* ECF 65, filed 4-23-21)); *Silva v. City of San Pablo*, 3:16-cv-04360 VC (The Hon. Chhabria bifurcated all *Monell* claims for discovery and trial (*See* ECF 16)). Should Plaintiffs' conclusory allegations survive, bifurcation is necessary and appropriate here.

It is well settled that a municipality may be liable for causing cognizable injury under 42 U.S.C. § 1983 if the injury is a result of a custom or policy of the municipality. *Monell,* 436 U.S. at 690-691. However, when *Monell* claims are asserted in conjunction with claims against

individual defendants, courts often bifurcate them in the interests of "convenience and judicial economy." *See Quitanilla v. City of Downey,* 84 F. 3d 353, 356 (9th Cir. 1996). "Bifurcation is conducive to expedition and economy because a finding that the individual officers did not deprive [the plaintiffs] of his constitutional or statutory rights or negligently cause his death is dispositive of plaintiffs' claims against the City and Chief[.]" *Est. of Lopez v. Suhr,* No. 15-CV-01846-HSG, 2016 WL 1639547, at *6 (N.D. Cal. Apr. 26, 2016) (quoting *Boyd v. City and Cnty. Of San Francisco,* No. C-0405459, 2006 WL 6800556, at *2 (N.D. Cal. Mar. 14, 2006)). This is so because "neither *Monell*…nor any other of [the Supreme Court's] cases authorize the award of damages against a municipal corporation based on the actions of one of its officers when in fact the jury has concluded that the officer inflicted no constitutional harm." *City of Los Angeles v. Heller,* 475 U.S. 796, 799 (1986); *Scott v. Henrich,* 39 F.3d 912, 916 (9th Cir. 1994) (holding, where individual officers were entitled to judgment on ground they did not use excessive force, municipality was entitled to judgment on claim municipality failed to adequately train officers).

Here, Defendants contemplate that some possible outcomes of this case include: (1) the Court and/or jury will find there has been no constitutional violation; (2) the Court and/or jury will find that a constitutional violation has occurred (but the individual officers are entitled to qualified immunity); or (3) the Court and/or jury will find that a constitutional violation has occurred and the individual officers are not entitled to qualified immunity. Bifurcation is appropriate in the first scenario because *Monell* liability will only attach if Plaintiffs successfully proves they suffered a violation of their constitutional rights. *Dadisman v. Cnty. Of L.A.,* No. CV 18-10119 PSG (PLAx), 2021 U.S. Dist. LEXIS 58092 (C.D. Cal. Jan. 5, 2021) (quoting *City of Los Angeles v. Heller,* 475 U.S. at 799). In other words, the process of determining *Monell* and supervisory liability will not be necessary if the jury first determines that the Plaintiff did not suffer from a constitutional violation. *Id.* Along that same line, bifurcation is appropriate in the third scenario as well. A finding of a constitutional violation and a determination that the officers are not entitled to qualified immunity will also dispose of the need for a second trial since, "under California law, a municipality is liable for compensatory damages awarded against the individual" employees. Cal. Gov't Code § 825 (a); *Dadisman v. Cnty. Of L.A.,* No. CV 18-10119 PSG (PLAx), 2021 U.S. Dist. LEXIS

58092 (C.D. Cal. Jan. 5, 2021). Therefore, bifurcating trial and discovery would enable efficiency and the preservation of judicial economy, since the first trial will likely be dispositive of the second trial, no matter the outcome.

### B. Plaintiffs' Have Failed to Establish that Eva Lopez and Eduardo Lopez have Standing before this Court under the First and Fourteenth Amendments[2]

Standing is a threshold issue this court must reach before addressing substantive matters. *See Stoianoff v. Montana*, 695 F.2d 1214, 1223-1224 (9th Cir. 1983). Plaintiffs bear the burden of proving that standing exists. *Northwest Envtl. Def. Ctr. v. Bonneville Power Admin.*, 117 F.3d 1520, 1528 (9th Cir. 1997). The question of standing is "whether the plaintiff has alleged such a personal stake in the outcome of the controversy as to warrant his invocation of federal-court jurisdiction." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). The Constitution protects "two distinct forms of freedom of association: (1) the freedom of intimate association, protected under the Substantive Due Process Clause of the Fourteenth Amendment, and (2) freedom expressive association, protected under the [ ] First Amendment." *Erotic Service Provider Legal Education and Research Project v. Gascon*, 880 F.3d 450, 458 (9th Cir. 2018). These protections do not extend to girlfriends and other unrelated, cohabitating adults.

In *Monterrosa v. City of Vallejo*, the plaintiffs' argued their Fourteenth Amendment right to familial association and their First Amendment right of association were violated by the Vallejo Police Department when their brother, Monterrosa, was shot and killed by officers. *Monterrosa v. City of Vallejo*, 2021 U.S. Dist. LEXIS 26791 (E.D. Cal. Feb. 10, 2021). There, plaintiffs argued that their relationships with Monterrosa were protected by the Fourteenth Amendment because Monterrosa lived with plaintiffs, his sisters, for his entire life and they "were a very tight knit family." *Id*. at *32. The plaintiffs in *Monterrosa*, like the Plaintiffs here, cited to *IDK, Inc. v. County of Clark*, 836 F.2d 1185, 1193 (9th Cir. 1988) for the purpose of demonstrating that the Fourteenth Amendment protects "those that attend the creation and sustenance of a family and

---

[2] Defendants concede, at this stage, per California statutory scheme, Eduardo Lopez has likely sufficiently established standing to pursue his state wrongful death actions. Defendants also note that in the time since Defendants' filed their Motion, alerting Plaintiffs' A.G., E.G., and Eduardo Lopez to their failure to comply with the requirements detailed in California Civil Procedure Code § 377.32, Plaintiffs have filed declarations that comport with these requirements.

DEFENDANTS' REPLY BRIEF ISO MTD PORTIONS OF PLAINTIFFS' FAC, C21-03519 HSG     7

1  similar 'highly personal relationships.'" The Court concluded the sisters' claims for violations of
2  their right to familial association under the Fourteenth Amendment is foreclosed by the Ninth
3  Circuit's holding in Ward. *Id*. at *33 (citing *Ward v. San Jose*, 967 F.2d 280 (9th Cir. 1992).

Despite the fact that plaintiffs in *Monterrosa* enjoyed a healthy, close knit relationship with the Decedent, the Court determined neither the legislative history nor Supreme Court precedent supports an interest for cohabitating, adult siblings. This case serves as an example of where lines are drawn between those who have standing and those that do not. Further, the Court in *Terry* found that a plaintiff lacked standing under the Fourteenth Amendment, despite pleading that the decedent "raised" plaintiff since he was one and that plaintiff has "viewed Decedent as his father all of his life." *Terry v. City of Pasadena*, 2019 U.S. Dist. LEXIS 132630, at *29 (C.D. Cal. Apr. 22, 2019). The Court continued stating "few close relationships–even between blood relatives, which is not the case here—can serve as a basis for asserting Fourteenth Amendment loss of companionship claims. *Id.* at 2019 U.S. Dist. LEXIS 132630, at *29 (*citing Ward,* 967 F.2d at 284).

It is logical to conclude the Court, having expressly denied loss of familial association claims under both the First and Fourteenth amendments for cohabiting, adult siblings, and for unrelated, individuals "held out" as a decedent's child, the Court would not find a cognizable interest in an unrelated adult child of Decedent's unmarried partner, Eduardo, or the decedent's unmarried partner, Eva, even if the parties cohabitated and shared a close bond. Plaintiffs argue that declining to impermissibly extend standing to include classes of people not protected would be "absurd." It would not be. Courts, in the cases cited above and countless others, have drawn lines between the relationships that are protected under the Constitution and those that are not. Here is no different, Plaintiffs Eduardo Lopez and Eva Lopez lack standing under the Constitution.

### III. CONCLUSION

Based on the foregoing, Defendants' Motion to Dismiss portions of Plaintiffs' FAC should be granted in full, without granting further leave to amend.

///

///

///

The undersigned attests that permission in the filing of this document(s) has been obtained from the signatory below which shall serve in lieu of the actual signatures on the document(s).

Dated: September 23, 2021　　　McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP

By: 　/s/ Blechman, Noah G.
　　　Noah G. Blechman
　　　Attorneys for Defendants