MICHAEL J. HADDAD (State Bar #189114)
JULIA SHERWIN (State Bar #189268)
TERESA ALLEN (State Bar #264865)
BRIAN HAWKINSON (State Bar #341856)
HADDAD & SHERWIN LLP
505 Seventeenth Street
Oakland, CA 94612
T: (510) 452-5500
F: (510 452-5510
Attorneys for all Plaintiffs

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN GARCIA, Deceased, through his Co-Successors in Interest, A.G. and E.G., minors, through their mother and Next Friend, EVA LOPEZ HERNANDEZ, and EDUARDO DANIEL LOPEZ RAMIREZ, Individually and as Co-Successors in Interest for JUAN GARCIA, Deceased; EVA LOPEZ HERNANDEZ, Individually; MARIA DEL CARMEN BAZAN MARTINEZ, Individually; and JOSE GARCIA FLORES, Individually,<br><br>          Plaintiffs,<br><br>vs.<br><br>COUNTY OF NAPA, a public entity; NAPA COUNTY SHERIFF'S SERGEANT DAVID ACKMAN, individually; and DOES 1 through 10, individually, jointly and severally,<br><br>          Defendants. | Case No: 4:21-cv-03519-HSG<br><br>Hon. Haywood S. Gilliam, Jr.<br><br>**DECLARATION OF BRIAN HAWKINSON IN SUPPORT OF PLAINTIFFS' MOTION TO AMEND COMPLAINT** |

STATE OF CALIFORNIA    )

COUNTY OF ALAMEDA    )

I, Brian Hawkinson, declare as follows:

     1.     I am an attorney licensed to practice in the State of California and am admitted to practice before this Court.  I am an associate in the law firm of Haddad & Sherwin LLP, counsel for Plaintiffs in the above-captioned matter.  I submit this Declaration in support of Plaintiffs' Motion to Amend their First Amended Complaint ("FAC").

     2.     Plaintiffs in this matter are represented by Haddad & Sherwin LLP, including Michael Haddad and Julia Sherwin (co-lead counsel), Teresa Allen, and myself.

     3.     Plaintiffs seek to amend their FAC to include a *Monell* claim based on Defendant County's ratifications of Defendant Ackman's conduct.  Facts supporting Plaintiffs' amended *Monell* claim include facts not known to Plaintiffs at the time of filing the FAC, nor at the expiration of the leave to amend period granted by this Court upon dismissing the *Monell* claims in Plaintiffs' FAC.  That includes information contained in the Internal Affairs Investigation Report of the incident and information obtained through the recent depositions of Sheriff Robertson and Undersheriff Dodd.

     4.     On May 18, 2022, I notified Defense counsel Noah Blechman via email that documents relevant to Defendant Ackman's forthcoming deposition, scheduled for June 17, 2022, appeared to be missing from the documents produced by Defendants in response to Plaintiffs' RFP1, which Plaintiffs served on August 27, 2021.  I alerted Mr. Blechman to specific paragraphs in Plaintiffs' RFP1 for which yet-undisclosed, responsive documents may exist.  On June 8, 2022, Defendants disclosed, among other documents, the Internal Affairs Investigation Report concerning the incident resulting Juan Garcia's death.

5.       On July 20, 2022, Plaintiffs' counsel Michael Haddad reached out to Mr. Blechman via email about deposing former Sheriff Robertson and the person who ultimately decided that Defendant Ackman's shooting was within NCSO policy, if that person was someone other than Sheriff Robertson. On July 27, 2022, after receiving no response, Mr. Haddad informed Mr. Blechman that Plaintiffs intended to notice Sheriff Robertson's deposition for August 23, 2022, if Mr. Blechman did not respond by the next day. The next day, Mr. Blechman replied that that he was looking into the matter and would respond by early next week regarding potential dates. On August 4, 2022, having received no such response, Plaintiffs noticed Sheriff Robertson's deposition for August 23, 2022. The next day, Mr. Blechman informed Mr. Haddad that he intended to object to Sheriff Robertson's deposition per the Apex Deponent doctrine. On August 12, 2022, Mr. Blechman reiterated his intent to object to Sheriff Robertson's deposition, and further informed Plaintiffs that Undersheriff Cullen Dodd had signed off on the internal affairs report exonerating Defendant Ackman of any wrongdoing. Over the next ten days, the parties corresponded concerning a stipulation to extend the discovery deadline and scheduling the depositions of Sheriff Robertson, Undersheriff Dodd, several Plaintiffs, and two of Mr. Garcia's brothers. Defendants did not agree to make the Sheriff and Undersheriff available for depositions until September 21, 2022.

6.       At the conclusion of Sheriff Robertson's and Undersheriff Dodd's depositions, Mr. Haddad informed Mr. Blechman that Plaintiffs intended to file an amended complaint adding a *Monell* claim based on ratification. Mr. Blechman did not agree to stipulate to allow Plaintiffs to file an amended complaint.

7.       Although fact discovery closed on October 3, 2022, the amendments to the complaint proposed herein will not require any additional discovery.

8.       Attached hereto as **Exhibit A** is a true and correct copy of Plaintiffs' Second Amended Complaint. Plaintiffs' amendments are limited to SAC's "Count Two" section and an exhibit attached to

the SAC that includes screenshots of the shooting taken from Defendant Ackman's body-worn camera. Separately, Plaintiffs edited other sections of the SAC to remove references to DOE defendants.

I declare under penalty of perjury under the laws of the United States of America that the forgoing is true and correct and that this Declaration was executed on October 4, 2022, in Oakland, California.

/s/ *Brian Hawkinson*
BRIAN HAWKINSON