UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN GARCIA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF NAPA, et al., <br><br> Defendants. | Case No. 21-cv-03519-HSG <br><br> **ORDER GRANTING MOTION FOR REVIEW OF TAXATION OF COSTS AND DENYING COSTS** <br><br> Re: Dkt. No. 99 |

Before the Court is Plaintiffs' motion for review of taxation of costs. Dkt. No. 99 ("Mot."). The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). The Court **GRANTS** the motion and denies Defendants' request for costs.

## I.   BACKGROUND

Plaintiffs filed this lawsuit following the fatal shooting of Juan Garcia by Defendant Sergeant David Ackman during a traffic stop. Dkt. No. 18 ("FAC"). Plaintiffs—the children, partner, and parents of Mr. Garcia—brought five claims under 42 U.S.C. § 1983 and California law against Defendants Napa County and Sgt. Ackman. *Id.* ¶¶ 3–7, 31–64. The Court found that Sgt. Ackman was entitled to qualified immunity and granted summary judgment in favor of Defendants as to the federal claims. *Garcia v. Cnty. of Napa*, No. 21-CV-03519-HSG, 2023 WL 355148, at *11 (N.D. Cal. Jan. 17, 2023). The Court also declined to exercise supplemental jurisdiction over the state law claims and dismissed them without prejudice. *Id.*

Following the entry of judgment, Defendants filed a bill of costs for $25,115.39. Dkt. No. 93. Plaintiffs filed objections asking the Court to decline to award Defendants any costs. Dkt. No. 96. The Clerk of the Court taxed $11,750.69 against Plaintiffs, disallowing the rest. Dkt. No. 97.

1  Plaintiffs then filed a motion for review of taxation of costs, asking the Court to exercise its
2  discretion and deny Defendants' costs.

## II.  LEGAL STANDARD

"Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d).  Rule 54(d) thus creates a "presumption for awarding costs to the prevailing party." *Draper v. Rosario*, 836 F.3d 1072, 1087 (9th Cir. 2016).  However, a district court may exercise its discretion to deny costs. *Ass'n of Mexican-Am. Educators v. State of Cal.*, 231 F.3d 572, 591 (9th Cir. 2000) (en banc).  In such instances, a district court "must specify reasons for its refusal to award costs." *Id.* (quotations omitted).  Appropriate reasons for denying costs include, but are not limited to: (1) the losing party's limited financial resources, (2) economic disparity between the parties, (3) the chilling effect on future similar actions, (4) the closeness and difficulty of the issues in the case, (5) the partial or nominal recovery of the prevailing party, and (6) the substantial public importance of the case. *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1247–48 (9th Cir. 2014); *see also Champion Produce, Inc. v Ruby Robinson Co.*, 342 F.3d 1016, 1022 (9th Cir. 2003).

## III.  DISCUSSION

### A.  Plaintiffs' Limited Financial Resources & Economic Disparity

Plaintiffs first argue that they have limited financial resources.  Mot. at 3–4.  "District courts should consider the financial resources of the plaintiff and the amount of costs in civil rights cases." *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079 (9th Cir. 1999).  Further, "[w]hether the financial resources in question are of a level sufficient enough to deny an award of costs can be inferred from the economic circumstances of the plaintiff." *Ayala v. Pacific Maritime Ass'n*, No. C08-0119-TEH, 2011 WL 6217298, at *2 (N.D. Cal. Dec. 14, 2011) (quotations omitted).

Eva Lopez Hernandez, Mr. Garcia's life partner, explained in her declaration that Mr. Garcia's death significantly impacted her family's finances because he was the largest wage earner.  Dkt. No. 96-1 ¶ 6. ("Hernandez Decl.")  Ms. Lopez Hernandez stated that she lives with her three sons and earns around $3,600 per month working full-time as a prep cook. *Id.* ¶¶ 4–5.

2

1    She stated that her two eldest sons earn roughly $2,800 and $2,000 per month respectively by
2    working at Home Depot while attending college. *Id.* ¶ 5. Her youngest son is nine years old. *Id.*
3    Ms. Lopez Hernandez attests that after paying rent, utilities, bills, and other household expenses,
4    the family is roughly breaking even each month, and paying Defendants' costs would be a
5    significant financial burden. *Id.* ¶¶ 6–8.

      Defendants argue that Plaintiffs have not provided enough evidence regarding their finances and that they are not "low income." Dkt. No. 101 ("Opp.") at 2–4. The Court is unpersuaded. First, Defendants do not provide any authority for the proposition that sworn declarations are insufficient to establish limited financial resources. Courts, including this one, routinely rely on similar declarations. *See Knox v. City of Fresno*, 208 F. Supp. 3d 1114, 1116 (E.D. Cal. 2016); *Economus v. City & Cnty. of San Francisco*, No. 18-CV-01071-HSG, 2019 WL 3293292, at *2 (N.D. Cal. July 5, 2019). Further, Plaintiffs need not be "completely indigent" for awarding costs to be inequitable. *See Knox*, 208 F. Supp. 3d at 1117. Defendants' assertion that paying costs is not burdensome given Plaintiffs' joint annual income is particularly unpersuasive. Plaintiffs fall into the category of "low income" for a household of six based on Defendants' own submitted materials. *See* Dkt. No. 102 ("Reply") at 2; Dkt. No. 102-3 at 15:15–16:23 (noting that Ms. Lopez Hernandez's parents live with the family). Defendants fail to acknowledge the family's living expenses and ignore that they lost a primary wage earner when Mr. Garcia died. Moreover, Defendants include a public entity with vastly greater resources than Plaintiffs. *See Economus*, 2019 WL 3293292, at *4; *Hunter v. City & Cnty. of San Francisco*, No. 11-CV-4911 JSC, 2013 WL 6088409, at *3 (N.D. Cal. Nov. 19, 2013) (noting that public entities and public employees were "in a vastly different financial situation than Plaintiffs").

      The Court need not "guess" as to the financial condition of the Plaintiffs: Ms. Lopez Hernandez makes clear that the family's income is just enough to cover the family's expenses. The Court finds that this factor weighs in favor of denying costs.

### B.     Chilling Effect on Future Civil Rights Litigation

      The Ninth Circuit has recognized that imposing costs on losing civil rights plaintiffs may chill civil rights litigation. *Stanley*, 178 F.3d at 1080. "Without civil rights litigants who are

3

1  willing to test the boundaries of our laws, we would not have made much of the progress that has
2  occurred in this nation since [*Brown v. Board of Education*]." *Id.* (internal citation omitted).
3  Here, imposing costs against Plaintiffs could have the effect of chilling future civil rights litigants.
4  It is not hard to see how imposing costs of $11,750 on a working family that sought to challenge
5  the use of deadly force against a loved one might inhibit future civil rights litigation.  As the Court
6  has noted, imposing costs would be a financial burden given Plaintiff's financial limitations.
7  Future civil rights litigants of "modest means," like Plaintiffs, might be deterred from asserting
8  their rights if they knew that losing could result in paying high costs.  *See Stanley*, 178 F.3d at
9  1080; *see also Hunter*, 2013 WL 6088409, at *4 (noting that plaintiff's "claim of excessive force
10 was significant" and finding the chilling effect counseled in favor of denying costs).  The Court
11 finds that this factor also weighs in favor of denying costs.

### C.  Closeness and Difficulty of the Issues

13 Defendants maintain that the case was not particularly close, given that they prevailed on
14 summary judgment.  Opp. at 6.  However, "[t]he fact that Defendants prevailed at the summary
15 judgment stage does not mean the issues presented were not close or difficult."  *See Economus*,
16 2019 WL 3293292, at *3 (citing *Jefferson v. City of Fremont*, No. 12-cv-0926-EMC, 2015 WL
17 1264703, at *3 (N.D. Cal. Mar. 19, 2015)).  This case involved a particularly challenging
18 application of the second prong of qualified immunity, as well as interpretation of a new Ninth
19 Circuit case decided after the Court held the hearing on the motion for summary judgment.  *See*
20 *Garcia*, 2023 WL 355148, at *7–8 (analyzing *Smith v. Agdeppa*, 56 F.4th 1193 (9th Cir. 2022)).
21 The Court declined to address the first prong of qualified immunity in its order, *see id.* at *5, and
22 noted at the hearing that if it reached the merits, summary judgment would likely be denied.  *See*
23 Dkt. No. 100 at 2:23–3:1.  Thus, even though Defendants ultimately prevailed, this decision
24 presented difficult issues requiring "involved consideration of complex questions of law and fact."
25 *Jefferson*, 2015 WL 1264703, at *3.  This factor weighs in favor of denying costs.

### D.  Substantial Public Importance

27 Courts in this district have repeatedly found that excessive force cases implicate issues of
28 substantial public importance, and Defendants ultimately concede the point.  *See* Opp. at 9;

United States District Court
Northern District of California

4

*Economus*, 2019 WL 3293292, at *2 (collecting cases); *Lopez v. Nguyen*, No. 13-CV-3870 CRB, 2017 WL 512773, at *2 (N.D. Cal. Feb. 8, 2017) (finding that a § 1983 claim of excessive force by a law enforcement officer was an issue of substantial public importance); *Godoy v. Cnty. of Sonoma*, No. 15-CV-00883-WHO, 2016 WL 6663003, at *3 (N.D. Cal. Nov. 10, 2016) (finding that plaintiff's case raised serious issues of police conduct and excessive force).  Here, the fatal shooting of Mr. Garcia by a police officer during a traffic stop undoubtedly raises issues of substantial public importance.  This factor weighs in favor of denying costs.

## IV.   CONCLUSION

On this record, the Court finds substantial compelling reasons to exercise its discretion to deny costs.  As such, the Court **GRANTS** Plaintiffs' motion, Dkt. No. 99, and denies Defendants' request for costs in its entirety.

**IT IS SO ORDERED.**

Dated:  4/26/2023

HAYWOOD S. GILLIAM, JR.
United States District Judge